In re **RANSOME GROUP INVESTORS I, LP, Debtor.**

No. 3:09–bk–5138–PMG.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 14, 2009.

---

**20.**   8 Colliers on Bankruptcy at ¶ 1226.01.

**21.**   11 U.S.C. § 1226.

David J. Lienhart, Mychal J. Katz, Roetzel & Andress LPA, Orlando, FL, Jason B. Burnett, GrayRobinson, P.A., Jacksonville, FL, for Debtor.

## ORDER ON RANSOME GROUP INVESTORS I, LLLP'S MOTION TO REQUIRE PETITIONING CREDITOR TO POST INDEMNITY

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Require Petitioning Creditor to Post Indemnity. The Motion was filed by Ransome Group Investors I, LLLP (Investors).

On June 24, 2009, The Ransome Development Co., LLC (Development) filed an Involuntary Bankruptcy Petition against Investors.

Investors subsequently filed a Motion to Dismiss the Involuntary Petition on the grounds that (1) the Petition was filed in bad faith, and (2) Development's claim against Investors is subject to a bona fide dispute within the meaning of § 303(b) of the Bankruptcy Code.

In the Motion presently under consideration, Investors asks the Court to require Development to post an indemnity bond pursuant to § 303(e) of the Bankruptcy Code, pending resolution of the issues raised in this case.

Section 303 of the Bankruptcy Code governs the filing of involuntary bankrupt-

cy cases. Subsections 303(e) and (i) provide as follows:

**11 USC § 303. Involuntary cases**

. . .

(e) After notice and a hearing, and *for cause,* the court *may* require the petitioners under this section to file a bond to indemnify the debtor for such amounts as the court may later allow under subsection (i) of this section.

. . .

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

   (1) against the petitioners and in favor of the debtor for—

   (A) costs; or

   (B) a reasonable attorney's fee;

   (2) against any petitioner that filed the petition in bad faith, for—

   (A) any damages proximately caused by such filing; or

   (B) punitive damages.

11 U.S.C. § 303(e),(i)(Emphasis supplied),

▪ The provision regarding the posting of a bond is intended to "discourage frivolous petitions as well as the more dangerous spiteful petitions, based on a desire to embarrass the debtor . . . or to put the debtor out of business without good cause." *In re Reed,* 11 B.R. 755, 757 (Bankr.S.D.W.Va.1981)(quoting H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 323 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787.).

▪ Petitioning creditors in involuntary cases should not be routinely required to post a bond upon the alleged debtor's request, however, because the Bankruptcy Code does not impose a mandatory bond requirement. *In re Reed,* 11 B.R. at 757(quoted in *In re Secured Equipment Trust of Eastern Air Lines, Inc.,* 1992 WL 295943, at *6 (S.D.N.Y.)). Section 303(e) provides only that the Court "may" require the petitioning creditors to post a bond, and that such a requirement should only be imposed upon the Court's finding of "cause."

Moreover, "It is clear that there is a presumption of good faith in favor of the petitioning creditor, and thus the alleged debtor has the burden of proving bad faith." *United States Fidelity & Guar.,* 58 B.R. at 1011. Therefore, although the parties and research have disclosed no case directly addressing the issue, it appears that the putative debtor must establish a prima facie case of bad faith before petitioning creditors may be required to post a bond under § 303(i)(2). *See In re Contemporary Mission, Inc.,* No. 5–82–00916, slip op. (Bankr.D.Conn. Jan. 31, 1983) ("[T]he determination of whether to require a bond should not be turned into a de facto hearing on the merits; instead the involuntary petition's lack of merit must be relatively clear.") (quoting *Norton Bankruptcy law and Practice* § 9.12 at 27 (1981)). *In re Secured Equipment Trust of Eastern Air Lines, Inc.,* 1992 WL 295943, at *6.

▪ In this case, Investors filed a Motion to Dismiss the Involuntary Petition on the grounds that (1) the Petition was filed in bad faith, and (2) Development's claim is the subject of a bona fide dispute within the meaning of § 303(b) of the Bankruptcy Code.

Contemporaneously with this Order, the Court is entering an Order on Investors' Motion to Dismiss. In the Order, the Court denies the Motion to Dismiss to the extent that Investors asserts that Development's claim is the subject of a bona fide

dispute. Specifically, the Court finds that "there is no objective basis to determine that a factual or legal dispute exists as to the validity of Development's claim against Investors in the amount of $99,000.00." (p. 16).

The second prong of Investors' Motion to Dismiss relates to Development's motive in filing the Involuntary Petition. A two-day trial has been scheduled by separate Order to consider whether the Petition was filed in bad faith. The Court finds that Development should not be required to post a bond pending the resolution of the bad faith issue.

It is clear that Investors commenced an action against Development and other defendants in the Circuit Court in Marion County, Florida seeking compensatory and punitive damages for fraud, conversion, civil theft, civil conspiracy, breach of fiduciary duty, and unjust enrichment. In support of its contention that the bankruptcy case was filed in bad faith, Investors primarily asserts that Development filed the Involuntary Petition for the sole purpose of frustrating the state court action. (Doc. 15, p, 11). According to Investors, other state law remedies are available to Development, and the bankruptcy Petition was filed simply to avoid the entry of a judgment against it by the State Court. (Doc. 15, pp. 11–12).

In response, Development asserts that it had a legitimate bankruptcy purpose in filing the Involuntary Petition. According to Development, Investors' primary asset is undeveloped land in Ocala that is encumbered by a mortgage in the approximate amount of $20 million. Development further asserts that the mortgage is in default, and has the project has stalled. Consequently, Development contends that a bankruptcy trustee is needed in this case to evaluate Investors' financial affairs and transactions. (Transcript of September 17, 2009 hearing, pp. 23–26).

Under these circumstances, the Court finds that the Motion to require Development to post a bond should be denied. Factual issues exist in this case regarding the Motion to Dismiss the Involuntary Petition. There is a presumption that the Petition was filed in good faith. *In re E.S. Professional Services, Inc.,* 335 B.R. 221, 226 (Bankr.S.D.Fla.2005)(citing *In re Smith,* 243 B.R. 169, 194 (Bankr.N.D.Ga. 1999)). Investors has not established "cause" to require Development to post a bond within the meaning of § 303(e) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that Ransome Group Investors I, LLLP's Motion to Require Petitioning Creditor to Post Indemnity is denied, without prejudice.